

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2009

# Natl Grange Mutl Ins v. CRS Auto Parts Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Natl Grange Mutl Ins v. CRS Auto Parts Inc" (2009). *2009 Decisions.* Paper 1836.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1836

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4514

NATIONAL GRANGE MUTUAL INSURANCE COMPANY,

Appellant

v.

CRS AUTO PARTS, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
Civil No. 06-cv-03174
(Honorable Ronald L. Buckwalter)

Argued February 5, 2009

Before: MCKEE, JORDAN and LOURIE[*]
Circuit Judges.

Andrew E. Greenberg, Esq.
The Chartwell Law Offices, LLP
Valley Forge Corporate Center
970 Rittenhouse Road, Suite 300
Eagleville, PA 19403-2256
        *Attorney for Petitioner*

[*]Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals
for the Federal Circuit, sitting by designation.

Heather A. Thomas, Esq.
Michael P. Creedon, Esq.
Creedon & Feliciani, P.C.
29 East Marshall Street
Norristown, PA 19401-4818

      *Attorneys for Respondent*

(Filed: February 23, 2009)

---

OPINION OF THE COURT

---

McKEE, <u>Circuit Judge</u>.

National Grange appeals the verdict that was entered against it following a bench trial in this declaratory judgment action it filed to determine if it owed a duty to defend or indemnify CRS Auto Parts pursuant to an insurance policy that it issued to CRS. For the reasons that follow, we will affirm the district court's verdict in favor of CRS.

**I.**

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background except insofar as may be helpful to our brief discussion.

After hearing all of the evidence offered at trial, the district court found that there was no credible evidence that the insurance binder issued to CRS by Turley Insurance Agency before CRS actually completed the formal application for the policy contained misrepresentations on the part of CRS or any of its agents. Rather, the court concluded

2

that National Grange had all pertinent information when it issued the binder through Turley on June 30, 2003. Thus, the court found that the binder was in effect on July 10, 2003, the date of the accident underlying this declaratory action. *Nat'l Grange Mut. Ins. v. CRS Auto Parts, Inc.*, 2007 WL 4078728 (E.D. Pa., Nov. 16, 2007).

When reviewing findings of fact, we accept the final determination of the factfinder, unless that determination is either "(1) completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (3d Cir. 2008)(citing *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972)). Our review of the district court's application of Pennsylvania law is plenary. *See Kowalsky v. Long Beach Twp.*, 72 F.3d 385, 388 (3d Cir. 1995).

National Grange argues that the district court's conclusion that the insurance policy was void *ab initio,* and that the district court's finding of no material misrepresentation prior to issuance of the binder was clearly erroneous. We disagree.

## II.

When attempting to void an insurance policy under Pennsylvania law, the insurer must prove that: (1) the insured made a false representation; (2) the insured knew the representation was false when it was made or the insured made the representation in bad faith; and (3) the representation was material to the risk being insured. *See Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993). Moreover,

3

each of these three elements must be established by clear and convincing evidence. *Batka v. Liberty Mut. Fire Ins. Co.*, 704 F.2d 684, 687 (3d Cir. 1983) ("Pennsylvania requires that an insurer establish the defense of fraud in the application by 'clear, precise and indubitable' evidence ... [and] that the factfinder be satisfied of the elements of the defense by clear and convincing evidence.") (citations omitted).

National Grange attempted to prove that CRS (or its agent) knowingly failed to disclose: that Meridian/State Auto refused to renew CRS's automobile coverage, that CRS provided inaccurate loss reports, and that CRS was a subsidiary of another company.

However, the district court heard all of the testimony and found no evidence to suggest that CRS made any misrepresentations. Nothing on this record justifies rejecting that finding or overturning the verdict that was rendered pursuant to it. Moreover, even if misrepresentations had been made by CRS, they were clearly not material to National Grange's decision to issue the policy because they could only have occurred after Turley issued the binder of insurance. Thus the evidence simply did not support National Grange's attempt to have the policy declared void *ab initio* and the court correctly concluded that National Grange had no right of recision. See *Nat'l Grange*, 2007 WL 4078728 at *2.

National Grange did not receive any paperwork from CRS until July 14, 2003. Therefore, the only representations that could have been made before insurance was "bound" would have to have been made to Turley Insurance Agency. Yet, Turley

4

testified that he had all necessary information before he issued the binder.

It is not disputed that the Agency Agreement between Turley Insurance and CRS was in effect when Turley issued the insurance binder. Thus, despite National Grange's protestations to the contrary, the district court correctly found that Turley was acting as National Grange's agent.

National Grange places substantial reliance on *Klopp v. Keystone Ins. Co.,* 595 A.2d 1 (Pa. 1991), in arguing that an insurer can rescind a policy that was procured by fraudulent misrepresentations that are material to the insured risk. *Id*. at 8. However, the misrepresentations in *Klopp* occurred before the insurance company issued insurance.

Similarly, the court correctly concluded that any backdating of the signature on the policy is also irrelevant since neither a timely and contemporaneous signature, nor a completed insurance application was material to National Grange's decision to insure CRS.

## III.

Thus, for the reasons set forth above, we will affirm the judgment of the district court.